IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| TABETHA O'CONNOR and RICKY O'CONNOR, Individually and as Parents and Next Friend of JANE DOE, a minor child; and SHAWN O'CONNOR, <br><br>    Plaintiffs, <br><br>V. <br><br>DEPUTY CHRISTOPHER CUNNINGHAM, Individually in his Official Capacity as a Deputy Sheriff of the Sumner County Sheriff's Office; SUMNER COUNTY, TENNESSEE; <br><br>    Defendants. | Case No. 3:13-cv-0229 <br> Judge Nixon <br> Magistrate Judge Knowles <br><br> JURY DEMANDED |

## CASE MANAGEMENT ORDER

**I.  Jurisdiction and Venue**

The parties do not dispute jurisdiction or venue.

**II.  Parties' Theories of the Case**

    **1.  Plaintiffs' Theory of the Case**

Plaintiffs Tabetha O'Connor and Ricky O'Connor are husband and wife and are the legal parents of Jane Doe, a minor child,[1] and Shawn O'Connor. Shawn O'Connor is an adult child of Plaintiffs Tabetha O'Connor and Ricky O'Connor. Plaintiffs are all residents of Sumner County, Tennessee. At the time of the events set forth herein, Jane Doe was 13 years old and Shawn O'Connor was 18 years. However, Shawn O'Connor suffers from developmental disabilities.

Defendant Cunningham was first hired by Sumner County and/or SCSO as a correctional officer. Thereafter, Defendant Cunningham was hired by Sumner County and/or SCSO as a

---

[1] To protect the identity of the Plaintiffs' minor daughter, Plaintiffs' minor daughter will be referred to as Jane Doe.

deputy sheriff in 2008. During the course of his employment with Sumner County and/or SCSO, Defendant Sumner County and/or SCSO received complaints and/or notification concerning improper actions committed by Defendant Cunningham which include:

- 7/9/05 – Verbal Reprimand for Tardiness;

- 6/7/06 – Written Reprimand for reclassifying a trustee to lockdown and leaving his bill fold in pod;

- 6/18/06 – Written Reprimand for Tardiness;

- 8/20/06 – Verbal Reprimand for Failing to Start and Keep Up Round Sheets during shift;

- 8/21/07 – Written Reprimand for Neglect of Duty for failing to properly process a prisoner who was released early;

- 4/1/10 – Written Counseling Session for failing to operate a vehicle in a safe, conservative and lawful manner.

- 7/8/10 – Complaint by James Spurlock for an improper stop and rudeness. Mr. Spurlock alleged that Defendant Cunningham gave him a ticket for running a stop sign when Mr. Spurlock did stop for the stop sign and that Defendant Cunningham was rude during the stop. In Mr. Spurlock's complaint, he noted that he "was going to see this to fullest extent because [Deputy Cunningham] did not need to be working." This complaint was dismissed by Sumner County and/or SCSO.

- 12/29/10 – Written Disciplinary Record for Overbearing Conduct While Performing Duties and received a counseling session for lecturing and scolding a resident upon arriving at a 911 call.

- 4/11/11 – Complaint by Bill Yon concerning Deputy Cunningham's actions during a traffic stop of Mr. Yon's high school daughter. In the complaint, Mr. Yon complained that Deputy Cunningham was rude to his daughter and an adult on the scene, Mr. Ike Mills. Further, Mr. Yon complained that Deputy Cunningham searched her vehicle without proper permission. Sumner County and/or SCSO performed an investigation and dismissed the complaint.

- 9/8/11 – Complaint by Lonnel Bond regarding being harassed by Deputy Cunningham by being pulled over on numerous occasions without cause. This complaint was dismissed by Sumner County and/or SCSO.

- 2/27/12 – Complaint by Dale Felton regarding improper actions by Deputy Cunningham with respect to his daughter. Mr. Felton's complaint arose out of a traffic stop made by Deputy Cunningham for alleged speeding and texting while driving. During the stop, Mr. Felton's daughter advised Deputy Cunningham that she was not texting while driving. Despite this statement, Deputy Cunningham grabbed the phone out of Mr. Felton's daughter's hand. Thereafter, Deputy Cunningham searched the phone without a warrant and accessed Mr. Felton's daughter's facebook page on the phone and appeared to attach the phone to a computer in his patrol vehicle. During the investigation, Sumner County and/or SCSO allegedly reviewed the video and audio tape of the incident. During the investigation, Deputy Cunningham acknowledged that he needed consent or a search warrant to search a cell phone. During the investigation, Defendant Cunningham informed the investigators that he received consent to search the phone from Mr. Felton's daughter. However, this alleged "consent" was not captured on audio as the rest of the events. The Complaint was dismissed by Sumner County and/or SCSO. However, the investigator noted that he instructed Deputy Cunningham that "he may want to only search cell phones on future stops for a better reason than simple traffic violations."

- 8/9/12 – Terminated for violating mission statement, code of ethics, violation of law, truthfulness, on duty conduct, conduct unbecoming a deputy and neglect of duty stemming from incident which is the subject matter of this lawsuit arising from his misuse of his authority as a deputy to stop, search and enter the home of a minor without parental consent or a warrant and photograph her in various states of undress. As a result of this conduct, Deputy Cunningham was eventually arrested for one count of Official Misconduct in violation of T.C.A. Section 39-16-402 and three counts of Unlawful Photographing of a minor in Violation of Privacy in violation of T.C.A. Section 39-13-605.

On July 26, 2012, at approximately 3:00 a.m., Deputy Cunningham was employed by Sumner County and/or SCSO as a sheriff's deputy performing duties by virtue of his official office and under color of state law. At all times material, Deputy Cunningham was driving a fully marked police vehicle and dressed in a police uniform. As such, Deputy Cunningham was an authority figure. On July 26, 2012, at approximately 3:00 a.m., Deputy Cunningham observed Jane Doe, her boyfriend, John Doe and Shawn O'Connor on Mt. Vernon Road. Jane Doe was 13 years old, John Doe was 16 years old and Shawn O'Connor was 18 years old. Plaintiff Shawn O'Connor has developmental disabilities. At the time of this initial observation, Deputy Cunningham did not observe any conduct between the three children which would

indicate that a crime had been committed or that the children were engaged in criminal activity. Accordingly, there was no probable cause or reasonable suspicion to believe that the children were engaged in criminal behavior or were armed and dangerous.

Despite the fact that there was no probable cause or reasonable suspicion to believe that the children were engaged in criminal activity or were armed and dangerous, Deputy Cunningham stopped his police vehicle and ordered the children to his police vehicle. At this time, the children were not free to leave and were effectively seized by Deputy Cunningham. As Deputy Cunningham was in a fully marked police vehicle and wearing a police uniform, Deputy Cunningham was an authority figure. Jane Doe was 13 years old and Shawn O'Connor had developmental disabilities. Based on the fact that Deputy Cunningham was an authority figure, Jane Doe was 13 years old, Shawn O'Connor had developmental disabilities and the disparity of power between the parties, Plaintiffs aver that Jane Doe and Shawn O'Connor were legally unable to waive their rights or give effective consent without proper parental notification. Therefore, all actions committed by Deputy Cunningham with respect to Jane Doe and Shawn O'Connor which were performed without proper parental notification were illegal and unconstitutional and infringed on Plaintiffs Tabetha and Ricky O'Connor's fundamental parental rights. Further, given the disparity of power between Deputy Cunningham and Jane Doe and Shawn O'Connor, Jane Doe and Shawn O'Connor were unable to voluntarily waive any rights or voluntarily consent to any requests made by Deputy Cunningham. At no time during the events described herein did Deputy Cunningham notify Plaintiffs Tabetha and Ricky O'Connor concerning the stop, detention, questioning, transport, entry into home and unlawful photographing of their children.

528254.3/2012676

4

Case 3:13-cv-00229   Document 16   Filed 07/17/13   Page 4 of 16 PageID #: 103

Despite the fact that Jane Doe and John Doe were minors, Deputy Cunningham failed to contact their parents. Instead, Deputy Cunningham proceeded to interrogate the children without parental consent and without providing the requisite Miranda rights. During the course of this interrogation, Deputy Cunningham was informed that Jane Doe and John Doe had been in a verbal argument over a text message. Deputy Cunningham asked Jane Doe to let him view the text message. Jane Doe informed Deputy Cunningham that she did not have her phone and that the text message had been erased. Despite this fact, Deputy Cunningham informed Jane Doe that he needed to review the phone.

Deputy Cunningham then ordered John Doe and Shawn O'Connor to the front of the patrol vehicle and ordered Jane Doe to come with Deputy Cunningham to rear of the patrol car. Jane Doe was wearing a pair of gym shorts with a sleeveless shirt. Therefore, it would be obvious to any reasonable officer that Jane Doe was not concealing any weapons or contraband and that any physical search of Jane Doe's body would be illegal and unconstitutional. Once at the rear of the vehicle, Deputy Cunningham conducted a physical search of Jane Doe's body. Prior to performing this physical search of Jane Doe's body, Deputy Cunningham failed to request the presence of a female officer to conduct the search. Deputy Cunningham asked Jane Doe to raise her hair and shirt to midriff. Thereafter, Deputy Cunningham then conducted a "pat down" of Jane Doe's body which included rubbing his hands on Jane Doe's ribs and legs and inspecting Jane Doe from the front and back. This touching and physical search of Jane Doe's body was non-consensual, illegal and unconstitutional, as there was no probable cause or reasonable suspicion to believe that Jane Doe had committed any crime or was involved in any illegal activity and this search was performed without parental consent and/or the effective

proper consent. At no time during the events alleged herein did Deputy Cunningham perform a "pat down" or physical search of Shawn O'Connor or John Doe.

At some point during this stop, Deputy Cunningham searched a back pack being carried by Shawn O'Connor and which was owned by Jane Doe. This search was performed without probable cause or reasonable suspicion that Shawn O'Connor or Jane Doe had been engaged in illegal or criminal behavior and without proper consent. Therefore, Deputy Cunningham's search of the backpack was illegal and unconstitutional.

After conducting this illegal and unconstitutional physical search of Jane Doe's body, Deputy Cunningham informed Jane Doe that he would need to see the telephone that she used for the text message despite the fact that Jane Doe had specifically informed Deputy Cunningham that the text message had been deleted. After performing the aforementioned illegal and unconstitutional searches and seizures, Deputy Cunningham ordered the three children into his patrol vehicle and drove them to Plaintiffs' home. As the children had committed no crime and there was no probable cause or reasonable suspicion to believe that the children were engaged in criminal activity, this constituted another illegal and unconstitutional seizure of the children.

Once Deputy Cunningham arrived at the Plaintiffs' home, Deputy Cunningham ordered Jane Doe out of the vehicle and instructed John Doe and Shawn O'Connor to remain inside the police vehicle. The continued detention of Shawn O'Connor in the patrol vehicle was illegal and unconstitutional. Upon arrival at Plaintiffs' home, Deputy Cunningham failed to make contact with Jane Doe or Shawn O'Connor's parents who were sleeping at the home. Instead, Deputy Cunningham instructed Jane Doe to enter the home and retrieve the phone without notifying her parents. As Jane Doe entered the home, Deputy Cunningham followed her into the home. This

entry into the Plaintiffs' home was performed without a warrant and without parental consent or effective consent of Jane Doe. As Deputy Cunningham entered into Plaintiffs' home without a warrant and proper consent, this entry constitutes an illegal and unconstitutional entry into the Plaintiffs' home.

Once inside Plaintiffs' home, Deputy Cunningham ordered Plaintiff not to wake her parents and followed Jane Doe to her room. Deputy Cunningham then asked to see the text message that Jane Doe had previously sent. Jane Doe again informed Deputy Cunningham that the text message had been erased. These questions were illegal and unconstitutional as Deputy Cunningham did not have probable cause or reasonable suspicion to believe that Jane Doe had been engaged in criminal activity and were performed without parental consent and the effective consent of Jane Doe.

After illegally entering Plaintiffs' home, Deputy Cunningham followed Jane Doe to her room where Jane Doe had her telephone. Jane Doe provided her phone to Deputy Cunningham as ordered. Deputy Cunningham then performed a search of Jane Doe's phone. This search of Jane Doe's phone was illegal and unconstitutional as Deputy Cunningham did not have probable cause or reasonable suspicion to believe that Jane Doe had been engaged in criminal activity and was performed without parental consent and the effective consent of Jane Doe.

While in Jane Doe's room, Deputy Cunningham questioned Jane Doe about the clothing that Jane Doe was wearing in the text message and ordered her to put on the bra and shirt that she was wearing in the text message. Again, these actions by Deputy Cunningham were illegal and unconstitutional as Deputy Cunningham did not have probable cause or reasonable suspicion to believe that Jane Doe had been engaged in criminal activity and were performed without parental consent and the effective consent of Jane Doe.

As ordered, Jane Doe began to change into the clothes that she was wearing in the text message. As Jane Doe was changing her clothes as ordered, Deputy Cunningham surreptitiously began to take photographs of Jane Doe in various states of undress. This conduct of Deputy Cunningham was illegal and an unconstitutional invasion of Jane Doe's privacy.

After Jane Doe completed changing her clothes as ordered, Deputy Cunningham began searching the nightstand and other areas of Jane Doe's room. This search of Jane Doe's room was unconstitutional and illegal as it was performed without a warrant and either parental consent or the effective consent of Jane Doe, a minor.

Thereafter, Deputy Cunningham and Jane Doe left the house. Once outside, Deputy Cunningham allowed John Doe and Shawn O'Connor to exit the patrol vehicle. The extended detention of Shawn O'Connor amounted to an unlawful and unconstitutional seizure and there was no probable cause or reasonable suspicion to believe that Shawn O'Connor had committed any crime. After letting John Doe and Shawn O'Connor out of the vehicle, Deputy Cunningham spoke with Jane Doe privately. During this conversation, Deputy Cunningham instructed Jane Doe not to inform her parents about the encounter. Further, Deputy Cunningham informed Jane Doe that she was beautiful. Thereafter, Deputy Cunningham left the scene without notifying the parents of Jane Doe in violation of state law.

After Deputy Cunningham left the scene, Jane Doe informed her parents concerning the actions of Deputy Cunningham who reported these events to Sumner County and/or the SCSO. The actions of Deputy Cunningham alleged here were unlawful, illegal and in violation of the constitutional rights of Tabetha and Ricky O'Connor, Jane Doe and Shawn O'Connor under the First, Fourth, Sixth and Fourteenth Amendments to the United States Constitution and state law.

528254.3/2012676

8
Case 3:13-cv-00229   Document 16   Filed 07/17/13   Page 8 of 16 PageID #: 107

Based on Deputy Cunningham's prior disciplinary and complaint records, it would be clearly foreseeable to a properly qualified police administrator that Deputy Cunningham would engage in conduct that violates the state and federal rights of citizens.

Defendant Cunningham committed the above described actions and/or omissions under the color of law and by virtue of his office and authority as a law enforcement officer and substantially deprived Plaintiffs of their clearly established rights, privileges and immunities guaranteed to them as citizens of the United States in violation of 42 U.S.C. Section 1983, and deprived Plaintiffs of the rights guaranteed to them by the First, Fourth, Fifth and Fourteenth Amendments of the United States Constitution including, but not limited to:

a. Freedom from unconstitutional and unreasonable stop and seizure of Jane Doe and Shawn O'Connor during initial encounter;
b. Freedom from unconstitutional and unreasonable questioning without proper Miranda warnings and parental consent or effective consent of Jane Doe;
c. Freedom from unconstitutional and unreasonable detention and arrest of Jane Doe and Shawn O'Connor during initial encounter;
d. Freedom from unconstitutional and unreasonable search and seizure of Jane Doe during "pat down" search during initial encounter;
e. Freedom from unconstitutional and unreasonable search of the back pack in the possession of Shawn O'Connor;
f. Freedom from unconstitutional and unreasonable seizure of Jane Doe and Shawn O'Connor during transport to home;
g. Freedom from unconstitutional and unreasonable seizure of Shawn O'Connor by leaving Shawn O'Connor in the police vehicle after arriving at the Plaintiffs' home;
h. Freedom from governmental intrusion into the home and property of Tabetha and Ricky O'Connor without a warrant;
i. Freedom from unconstitutional and unlawful entry onto the property of Tabetha and Ricky O'Connor;
j. Freedom from unconstitutional and unreasonable search and seizure of Jane Doe by ordering her to change clothes and surreptitious photographing of Jane Doe;
k. Freedom from illegal and unconstitutional orders by a law enforcement official;
l. Freedom from unreasonable search and seizure of property of Tabetha O'Connor, Ricky O'Connor and Jane Doe during search of room and phone;
m. Freedom from unconstitutional and unreasonable invasion of Jane Doe's right to privacy and bodily integrity during pat down and photographing;
n. Freedom from arbitrary governmental activity which shocks the conscious of a civilized society for conduct during entire event;

o. Freedom from false arrest and imprisonment of Jane Doe and Shawn O'Connor throughout the entire event;
p. Interference with right to familial association of Plaintiffs;
q. Interference with parental rights of Plaintiffs Tabetha and Ricky O'Connor;
r. Freedom from abuse by an authority figure; and
s. Freedom from unlawful and unconstitutional seizure and questioning of Jane Doe without parental consent or the effective consent of Jane Doe.

At all times material hereto, Deputy Cunningham was acting under color of state law and by virtue of his office as a Deputy Sheriff. As a direct and proximate result of the acts and omissions of Defendant Cunningham, Plaintiffs' constitutional rights were violated and Plaintiffs sustained serious injuries and damages.

Defendant Sumner County is under a duty to properly hire, train, supervise and discipline its employees and officers of the SCSO and to ensure that their policing activities are run in a lawful manner, preserving to the residents and citizens of Sumner County the rights, privileges and immunities guaranteed to them by the Constitutions of the United States of America and the State of Tennessee and the laws of the United States of America and the State of Tennessee.

The actions of Defendant Cunningham alleged herein were unjustified, unreasonable and unconstitutional and constituted violations of Plaintiffs' constitutional rights under the First, Fourth, Sixth and Fourteenth Amendments. Based on Deputy Cunningham's prior disciplinary and complaint records, it would be clearly foreseeable to a properly qualified police administrator that Deputy Cunningham would engage in conduct that would violate the state and federal rights of citizens.

Defendant Sumner County is directly liable for the unconstitutional actions of Defendant Cunningham due to the following policies, practices or customs of Sumner County which were in effect at the time of this incident and which were the moving force behind the violation of Plaintiffs' constitutional rights:

528254.3/2012676

10
Case 3:13-cv-00229   Document 16   Filed 07/17/13   Page 10 of 16 PageID #: 109

a. Defendant failed to properly discipline its officers with respect to violations of the laws of the State of Tennessee, the Constitution of the United States, and its own policies with respect to legal violations, stops, search and seizure, frisks, procedures with dealing with juveniles, parental consent, warrantless entry on property, creating a pattern, policy, practice, custom or atmosphere where such illegal and unconstitutional behavior is tolerated, condoned and accepted in deliberate indifference and reckless disregard to the public at large, including Plaintiffs;

b. Defendant failed to adequately monitor and evaluate the performance of its officers and their compliance with the laws and policies, practices and customs with respect to legal violations, stops, search and seizure, frisks, procedures with dealing with juveniles, parental consent, warrantless entry on property, creating a pattern, policy, practice, custom or atmosphere where such illegal and unconstitutional behavior is tolerated, condoned and accepted by in deliberate indifference and reckless disregard to the public at large, including Plaintiffs;

c. Defendant failed to adequately respond to and investigate complaints regarding officer misconduct by the citizenry, including, but not limited to, complaints regarding legal violations, stops, search and seizure, frisks, procedures with dealing with juveniles, parental consent, warrantless entry on property, creating a pattern, policy, practice, custom or atmosphere where such illegal and unconstitutional behavior is tolerated, condoned and accepted in deliberate indifference and reckless disregard to the public at large, including Plaintiffs;

Alternatively, Defendant Sumner County is liable for the actions of its Deputy Cunningham as alleged herein under the doctrines of agency, vicarious liability, employer-employee relations, master-servant, respondeat superior, joint venture, contract and as a result of their non-delegable duty to provide officers who comply with the constitution and laws of the United States and the State of Tennessee.

As a direct and proximate result of the foregoing direct actions and the policies, practices and customs of Sumner County, the violation of the constitutional rights of residents and citizens by Deputy Cunningham was substantially certain to occur. In addition, as a direct and proximate result of the aforementioned direct actions and policies, practices and customs of Defendant Sumner County, Plaintiffs' constitutional rights were violated and they suffered injuries and damages.

528254.3/2012676

11

Case 3:13-cv-00229   Document 16   Filed 07/17/13   Page 11 of 16 PageID #: 110

In addition to violating Plaintiffs' federal constitutional rights, Defendants violated Plaintiffs' state law rights. At all times material hereto, Defendant Cunningham was acting in the course and scope of his employment and by virtue of his office as a deputy sheriff for Sumner County and the SCSO. The acts, omissions and conduct of Defendant Cunningham alleged herein constitute trespass, assault and battery, false arrest, false imprisonment, negligence, negligent infliction of emotional distress, and intentional infliction of emotional distress under the laws of the State of Tennessee. Plaintiffs aver that the Defendants should be held jointly and severally liable for all said torts, as Defendant Cunningham was acting in the course and scope of his employment at all times material hereto and his actions were foreseeable. In the alternative, the Plaintiffs submit that Sumner County is liable for all torts committed by Deputy Cunningham for which Sumner County has waived immunity under state law and the TGTLA and that Defendant Cunningham is liable for all torts committed by them for which Sumner County has not waived immunity under the TGTLA.

Plaintiffs submit that Sumner County negligently screened, hired, trained, monitored, supervised, controlled, assigned, counseled, investigated and disciplined Deputy Cunningham which made the misconduct of Deputy Cunningham foreseeable. These failures by Defendant Sumner County constitute negligence under the laws of the State of Tennessee and renders Defendant Sumner County liable for all of the torts committed by Deputy Cunningham as alleged herein. As a direct and proximate result of the aforementioned acts and omissions of the Defendants, Plaintiffs sustained injuries and damages.

In addition to the theories of liability against Sumner County previously set forth herein, Plaintiffs aver that Sumner County is directly liable for all negligent, reckless, improper, willful, wanton and/or deliberately indifferent conduct of Deputy Cunningham pursuant to T.C.A.

Section 8-8-302, as Deputy Cunningham was acting by virtue of his official office at all material times.

As a direct and proximate result of the aforementioned actions and omissions of the Defendants, Plaintiffs' constitutional rights were violated and Plaintiffs suffered injuries and damages. Plaintiffs seek recovery from the Defendants, both jointly and severally, of all damages to which they may be entitled under both state and federal law for the injuries and damages to Plaintiffs and which include, but are not limited to, the following:

   a. Physical Pain and Suffering of a past, present and future nature;
   b. Emotional Pain and Suffering of a past, present and future nature;
   c. Medical Expenses of a past, present and future nature:
   d. Permanent Impairment of a past, present and future nature;
   e. Loss of Enjoyment of Life of a past, present and future nature;
   f. Punitive damages against the applicable Defendants;
   g. Pre- and Post-Judgment Interest;
   h. Statutory and Discretionary Costs;
   i. Attorney's fees and costs pursuant to 42 U.S.C. Section 1988;
   j. A declaratory judgment that the acts and conduct herein were unconstitutional;
   k. Injunctive relief precluding the Defendants from engaging in the conduct complained of herein in the future and requiring Defendant to provide proper policy, training and supervision of its officers and holding them accountable for their misconduct;
   l. All such further relief, both general and specific, to which they may be entitled under the premises.

**2.    Defendant Sumner County's Theory of the Case**

Sumner County generally admits the incident as alleged but disagrees with some alleged details of the incident. Nevertheless, the actions of Defendant Cunningham were socially, morally, and legally unacceptable. Those actions were, however, his individual actions and were as surprising to the Sumner County Sheriff's Office as to anyone else. Nothing in Mr. Cunningham's work history or training gave any indication that such might happen.

Deputies of the Sumner County Sheriff's Office are properly trained, both initially and during service. There was no policy, procedure, custom, or practice of the Sheriff's Office that

was in any respect a cause of this incident. The Sumner County Sheriff's Office was not factually or legally at fault in its hiring or supervision of Mr. Cunningham. Upon becoming aware of the incident, the Sheriff's Office investigated and immediately terminated Mr. Cunningham. His criminal prosecution followed.

There is no basis upon which to hold Sumner County liable under 42 U.S.C. § 1983 or any other statute or case law allowing for liability based on violation of civil rights. There is no basis under the Tennessee Governmental Tort Liability Act or T.C.A. § 8-8-302 to hold Sumner County liable.

### III. Schedule of Pretrial Proceedings

#### A. Rule 26(a)(1) Disclosures

The parties shall make their Rule 26(a)(1)(A) through (E) disclosures within thirty (30) days from the date of the initial case management conference, **July 3, 2013**.

#### B. Other Pretrial Discovery Matters

As determined at the case management conference on **July 3, 2013,** this action is set for a jury trial on October 28, 2014, at 9:00 a.m.

.

.

.

.

A pretrial conference shall be held on October 17, 2014, at 10:00 a.m.

.

All fact discovery shall be completed **on or before March 13, 2014**. All written discovery shall be served no later than **October 14, 2013**. All discovery related

Motions shall be filed on or before **March 23, 2014**.

.

.

.

.

.

All dispositive motions shall be filed on or before **June 13, 2014**, and any response thereto shall be filed on or before thirty days (30) days after the filing of the motion. Any reply shall be filed on or before fourteen (14) days after the filing of the response.

Any motion to amend the pleadings shall be filed on or before November 8, 2013.

.

.

There shall be no stay of discovery pending disposition of any motions.

The response time for all written discovery and requests for admissions is thirty (30) days.

Interrogatories pursuant to Rule 33, Federal Rules of Civil Procedure, shall be limited to sixty (60) such interrogatories. Subparts of a question shall not be counted as additional questions for purposes of the overall number if the subparts relate to the same subject matter of the question. In all other respects, Rule 33.01, Local Rules of Court shall govern.

On or before **January 13, 2014,** the Plaintiffs shall declare to the Defendants (not to file with the Court) the identity of their expert witnesses and provide all the information specified in Rule 26(a)(2)(B).

On or before **February 28, 2014,** the Defendants shall declare to the Plaintiffs (not to file with the Court) the identity of their expert witnesses and provide all the information specified in rule 26(a)(2)(B).

Depositions of experts shall be completed on or before **April 30, 2014**.

It is so **ORDERED**.

**ENTERED** this the \_\_\_\_ day of July, 2013.

                                      **E. CLIFTON KNOWLES**
                                      **United States Magistrate Judge**

APPROVED FOR ENTRY:


*/s/ Andrew C. Clarke (with permission)*
Andrew C. Clarke, #15409
Law Office of Andrew C. Clarke
6250 Poplar Avenue
Second Floor
Memphis, TN 38119
(901) 590-0761
aclarke@accfirm.com


*/s/ Hugh Edward Green, Jr. (with permission)*
Hugh Edward Green, Jr., #6512
John L. Meadows, #19504
Law Offices of Hugh Green
100 Public Square
Lebanon, TN 37087
(615) 444-5555
john@hughgreen.com; hugh@hughgreen.com

*Attorneys for Plaintiffs*