# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| **TABETHA O'CONNOR, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:13-cv-00229** |
| | ) | **Judge Crenshaw/Knowles** |
| **DEPUTY CHRISTOPHER** | ) | |
| **CUNNINGHAM and SUMNER** | ) | |
| **COUNTY, TENNESSEE,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## REPORT AND RECOMMENDATION

Pursuant to previous Orders (Docket Nos. 53, 55) the undersigned held a hearing on the issue of damages against the defaulted Defendant Christopher Cunningham. Mr. Cunningham did not appear for the hearing, and counsel for Plaintiffs stated that he had heard nothing from Mr. Cunningham to indicate that he had planned to attend the hearing.

Judge Crenshaw has previously set forth the following undisputed facts in his ruling upon a Motion for Summary Judgment filed by Defendant Sumner County, Tennessee:

> On July 26, 2012, at approximately 3:00 a.m., Cunningham stopped thirteen-year-old Jane Doe, her sixteen-year-old boyfriend John Doe, and eighteen-year-old Shawn O'Connor on a street in Sumner County. (Doc. No. 23-7 at 1). Jane Doe and John Doe were in a non-physical argument over pictures of herself that she sent to another boy. (Doc. No. 23-2 at 17.) Cunningham asked Jane Doe if John Doe assaulted her, which she denied. (Doc. No. 23-7 at 1). He then left the boys in front of the car and took Jane Doe to the back of his car and asked her to raise her shirt to her midriff so that he could check for bruises. (Id.) Cunningham then checked her pockets with his hands. (Id.) At approximately 3:15

a.m., Cunningham transported all three back to Jane Doe's residence. (Id.)

At the residence, Cunningham left the two boys unattended inside the patrol car and went inside the house with Jane Doe. (Id.) Cunningham told Jane Doe not to wake her parents. (Id.) Cunningham looked through Jane Doe's mother's cell phone because that is the phone on which Jane Doe took the pictures of herself, but she had already deleted the pictures she sent to the other boy. (Id.) Jane Doe cannot remember if she consented to the search of her mother's cell phone. (Doc. No. 23-2 at 28). Cunningham asked Jane Doe to change into the bra and shirt she was wearing in the pictures she sent the other boy. (Id.) He left the room while she was changing, but did not shut the door all the way. (Id.) He took pictures of Jane Doe changing. (Doc. No. 23-5 at 4.)

Docket No. 54, p. 2.

The four Plaintiffs testified at the hearing. Plaintiff Jane Doe is now seventeen years old. She described her fears and feelings during the events discussed above. She described how the incident has affected her. She stated that, if she goes outside her house, she is afraid that Defendant will stalk her. She is afraid that he will try to do worse the next time. She does not like police officers now, and is afraid they will stop her. She stated she is always watching her back. She cries at random times. She testified that she stays up virtually every night until 6:00 a.m. so that Defendant cannot sneak up upon her. She does not have sleepovers with friends, but rather locks herself in her room, and makes excuses for not going.

At some point, she began cutting her left arm with a razor. She did, however, stop that behavior.

The incidents were reported on a television news station, with Plaintiff's name being broadcast. She had problems at school because of the incidents. People made fun of her, she

2

was threatened by other girls, and she was pushed into lockers by boys.  She had no friends, she was depressed, she was called derogatory names, and she left school in the eighth grade to be home-schooled.

She worries about Defendant coming back and killing her whole family.  She is not as close to her mother and father, and feels that they are "over-protective."  She testified that she cries "for no reason" as often as once a week.

Ricky O'Connor, the father of Jane Doe, testified as follows.  Jane Doe is a different person since the incidents referred to above.  She is not as outgoing.  He worries because he does not know where Defendant is.  He feels guilty that he did not protect his daughter.  He stated that he is often up for three or four hours at night, worrying about what might happen.

Tabetha O'Connor, Jane Doe's mother, testified as follows.  She confirmed that Jane Doe's testimony is true.  She and her husband never had any trouble with Jane Doe before the incident occurred.  She testified that she herself is now depressed and sad.  Jane Doe used to be happy, but she is not anymore.  She feels that Defendant "invaded our privacy," and she testified that she is now a light sleeper.

Shawn O'Connor, Jane Doe's brother, testified as follows.  He knows he did nothing wrong to justify being stopped by Defendant, and Defendant never said that he had done anything wrong.  He stays in his room "all the time," and he is afraid of police.  He stays up until 1:00 a.m., and is a little afraid to go to sleep.  He is not getting over his fear of police officers.

In view of the foregoing testimony, Plaintiffs' counsel suggested that the Court assess compensatory damages in favor of Plaintiff Jane Doe against Defendant Christopher Cunningham in the amount of $300,000.  He also suggested compensatory damages in the

3

amount of $75,000 each for Tabetha O'Connor, Ricky O'Connor, and Shawn O'Connor.  He

further suggested punitive damages for each Plaintiff against Defendant Christopher Cunningham

in the same amounts.

There is no question in the Court's mind that the O'Connor family was severely

traumatized by willful conduct of Defendant, who was acting in his capacity as a deputy sheriff at

the time.  They have experienced pain and suffering and severe emotional distress, which are

likely to continue into the future.

For the foregoing reasons, the undersigned recommends that compensatory damages of

$300,000 be awarded to Jane Doe against Defendant Christopher Cunningham.  The undersigned

further recommends that Tabetha O'Connor, Ricky O'Connor, and Shawn O'Connor be awarded

compensatory damages of $75,000 each against Defendant Cunningham.

The undersigned further recommends that punitive damages of $300,000 be awarded to

Jane Doe against Defendant Christopher Cunningham.  The undersigned further recommends

that Tabetha O'Connor, Ricky O'Connor, and Shawn O'Connor be awarded punitive damages of

$75,000 each against Defendant Cunningham.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14)

days after service of this Report and Recommendation in which to file any written objections to

this Recommendation with the District Court.  Any party opposing said objections shall have

fourteen (14) days after service of any objections filed to this Report in which to file any

response to said objections.  Failure to file specific objections within fourteen (14) days of

service of this Report and Recommendation can constitute a waiver of further appeal of this

Recommendation.  *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985),

*reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. CLIFTON KNOWLES
United States Magistrate Judge